UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RYAN M. ST. P., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )   No. 2:19-cv-00169-NT |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|        Defendant | ) |

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy through his date last insured for SSD benefits, December 31, 2016. The plaintiff seeks remand on the basis that the ALJ erred in evaluating the opinions of his treating therapist, Janet Wentworth, L.C.S.W., and of a U.S. Department of Veterans Affairs ("VA") physician who conducted a compensation and pension examination, Sally D. Haley, M.D. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-7. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 17; that, through his date last insured, he had the severe impairments of post-traumatic stress disorder ("PTSD"), an affective disorder, and an anxiety disorder, Finding 3, *id*. at 18; that, through his date last insured, he had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the nonexertional limitations that he was limited to performing simple and non-complex tasks and could not tolerate interaction with the public, Finding 5, *id*. at 20; that, through his date last insured, considering his age as of that date (31 years old, defined as a younger individual), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 27; and that he, therefore, had not been disabled from May 1, 2013, his alleged onset date of disability, through December 31, 2016, his date last insured, Finding 11, *id*. at 28. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this court defers to an ALJ's weighing of such evidence – the core duty of an ALJ. *See, e.g., Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand.").

The plaintiff argues that the ALJ made material errors in handling both the Wentworth and Haley opinions, undermining his determination of the plaintiff's RFC and, hence, his ultimate finding that the plaintiff retained the ability to perform work existing in substantial numbers in the national economy. *See* Statement of Errors at 2-7. For the reasons that follow, I find no reversible error in the ALJ's weighing of that evidence. The plaintiff's bid for remand, accordingly, amounts to an invitation to the court to reweigh the evidence, which the court must decline.

## A. Treatment of Wentworth Opinion

LCSW Wentworth, who began treating the plaintiff in July 2014, submitted a Medical Assessment of Ability to Do Work-Related Activities (Mental) dated August 17, 2018, in which she checked boxes indicating that the plaintiff (i) could not understand, remember, and carry out simple instructions, respond appropriately to supervision, coworkers, and usual work situations, or deal with changes in a routine work setting on a sustained, 40 hour per week basis, (ii) would be off-task at least 15 percent of the time due to mental and/or physical impairments, and (iii) would miss work or leave early at least two times per month due to mental and/or physical impairments. *See* Record at 865. She stated that these limitations existed prior to December 31, 2016, and continued through the date of her opinion. *See id*.

The ALJ deemed this opinion unpersuasive, explaining that it was "in contradiction to her treatment notes[.]" *Id*. at 26. He elaborated:

> As discussed above, the [plaintiff] generally had normal mental status examinations, except for mood, was not taking psychotropic medications and was deemed stable, using medical marijuana. This is inconsistent with [LCSW Wentworth's] opinion . . . . Moreover, the [plaintiff] has built several properties, established and maintained an isolated farm, married, divorced and engaged in a new relationship during the relevant period, suggesting greater functioning than Ms. Wentworth's opinion suggests. . . .

*Id*.

The plaintiff contends that, in so finding, the ALJ misconstrued LCSW Wentworth's treatment notes, which are in fact consistent with her opinion. *See* Statement of Errors at 3-5. He cites a number of passages reflecting "distress and severe difficulties functioning with others[,]" for example, "impulse to anger, spending time alone, struggle to get along with others," feeling that "other people are ignorant" and responding "wanting to be violent," "frustration at being out of control," "stress and pressure with conflict in relationship," inability to handle "'dumb

customers'" while doing carpentry work, "increased conflict with separation, wife filed [for] PFA [Protection from Abuse]," and having "a breakdown and end[ing] up at [a] hospital[.]" *Id*. at 4 (citations omitted).

He contends that the other factors mentioned by the ALJ likewise reflect consistency, rather than inconsistency, with LCSW Wentworth's opinion, for example, that (i) the "'isolated farm'" exemplifies his inability to function with others, (ii) he "'built several properties'" in the context of inability to maintain a carpentry business due to his difficulty dealing with others, (iii) his attempt to run the carpentry business failed because of his difficulty dealing with others, including "'dumb customers[,]'" and (iv) he made himself travel to Puerto Rico for his wife and "'felt out of place'" there. *Id*. at 4-5 (citations omitted).

The plaintiff, finally, contends that the ALJ failed to follow the prescribed procedure for claims such as his filed after March 27, 2017, pursuant to which, as concerns the opinion of a medical source such as LCSW Wentworth, an ALJ must consider and articulate his or her findings regarding the relevant factors of supportability, consistency, relationship with the claimant, specialization, and other factors. *See* Statement of Errors at 6; 20 C.F.R. § 404.1520c. He asserts that, instead, the ALJ wrongly deemed LCSW Wentworth's opinion inconsistent with her treatment notes and failed to address her treatment relationship with him or her specialization, both of which "weigh[ed] heavily" in favor of the Wentworth opinion. Statement of Errors at 6.

Nonetheless, as the commissioner rejoins, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 10) at 3-10, the ALJ supportably chose to discount LCSW Wentworth's opinion pursuant to 20 C.F.R. § 404.1520c.

First, section 404.1520c provides that an ALJ "will *not* defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §

404.1520c(a) (emphasis added). Second, while an ALJ must consider the listed factors – supportability, consistency, relationship with the claimant, specialization, and other factors – "as appropriate[,]" *id*. § 404.1520c(a) & (c), he or she need only explain his or her consideration of the two "most important factors[,]" supportability and consistency, and "may, but [is] not required to, explain how [he or she] considered" the remaining three factors, *id*. § 404.1520c(b)(2).

In essence, the ALJ discounted the Wentworth opinion because it was not supported by, and indeed was inconsistent with, LCSW Wentworth's own extensive treatment notes. *See* Record at 26. In turn, as the commissioner argues, *see* Opposition at 6-10, that was a reasonable characterization of the Wentworth notes. LCSW Wentworth repeatedly deemed the plaintiff "stable" on medications or medical marijuana despite his struggles in interacting with others. *See, e.g.*, Record at 632, 634, 640, 759-60, 764, 766. While, in conducting mental status examinations, she did record abnormalities in mood or affect (such as frustration, anger, and/or agitation), *see, e.g., id*. at 757-59, 761-62, 764, on some occasions her findings on mental status examination were entirely normal, *see, e.g., id*. at 630-31, 756, 758-60, 765-66. As the commissioner notes, "'largely normal mental status examinations'" are a reasonable basis on which to discount a treating source's opinion. Opposition at 8 (quoting *Campagna v. Berryhill*, No. 1:16-cv-00521-JDL, 2017 WL 5037463, at *5 (D. Me. Nov. 3, 2017) (rec. dec., *aff'd* Jan. 2, 2018).[3]

Moreover, the ALJ reasonably inferred that the plaintiff's activities of building several properties, establishing and maintaining an isolated farm, and marrying, divorcing, and engaging

---

[3] At oral argument, the plaintiff's counsel correctly noted that, while the ALJ deemed LCSW Wentworth's opinion inconsistent with her own treatment notes, the regulatory factor of "consistency" does not contemplate consistency with a source's own notes but, rather, with other evidence of record. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). However, the plaintiff does not explain, and it is not apparent, how the error is prejudicial; that is, that proper consideration and articulation of this factor would have led to the adoption of the Wentworth opinion.

6

in a new relationship during the relevant period suggested a higher level of functioning than found by LCSW Wentworth, who indicated, *inter alia*, that he could neither understand, remember, and carry out simple instructions, respond appropriately to supervisors, coworkers, or usual work situations, nor deal with changes in a routine work setting on a sustained, 40-hour per week basis, and would be off-task at least 15 percent of the time. *See* Record at 865.

Remand, accordingly, is unwarranted on the basis of this point of error.

### B. Treatment of Haley Opinion

In the body of her compensation and pension form, Dr. Haley noted, *inter alia*, "lots of altercations with supervisors, coworkers; tendency to violence[.]" *Id*. at 359. Ultimately, she expressed the opinion that it was "unlikely that [the plaintiff] is capable of managing employment due to the severity of his mood disorder unless the work is isolated." *Id*. at 361.

The ALJ deemed the Haley opinion unpersuasive as well, explaining:

> Dr. Haley's report appears to be part of a rating examination. It is not clear that she actually saw the [plaintiff] or if her report was based on reports by other practitioners as her clinical findings were based on an evidence review. There was no treating relationship between Dr. Haley and the [plaintiff]. Her findings were based on the diagnosis only of Bipolar disorder and she added a note that some providers had mentioned PTSD symptoms but there was no definitive diagnosis yet. At the time, she noted the only physical impairment was gastro-esophageal reflux disease. Moreover, it is unclear if she is a mental health specialist as she signed as the staff physician. In addition, her opinion is not consistent with the mental health treatment notes from the VA, which generally noted normal mental status examinations[,] and she did not have access to records throughout the relevant period through December 2016, the [plaintiff]'s date last insured.

*Id*. at 24 (citations omitted).

The plaintiff complains that the ALJ wrongly deemed the Haley opinion inconsistent with the Wentworth notes and ignored the consistency between the Haley and Wentworth opinions. *See* Statement of Errors at 7. However, as the commissioner observes, *see* Opposition at 12, the plaintiff does not challenge most of the bases on which the ALJ discounted the Haley opinion.

7

Moreover, for the same reasons that the ALJ supportably deemed the Wentworth treatment notes inconsistent with the Wentworth opinion, he supportably deemed them inconsistent with the Haley opinion.

Finally, that the Haley and Wentworth opinions were consistent with each other did not, in itself, oblige the ALJ to credit either opinion. He instead found persuasive and/or chose to give great weight to the opinions of three other experts, agency nonexamining consultants Susan Lichtman, Ph.D., Lewis Lester, Ph.D., and Robert Maierhofer, Ph.D. *See id*. at 25-26. The plaintiff does not argue that these opinions cannot stand as substantial evidence of his mental RFC. *See* Statement of Errors at 2-7.

Remand, accordingly, is unwarranted on the basis of this final point of error.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,*

*within forty-four (44) days after being served with a copy thereof.[4]  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 6th day of April, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] Federal Rule of Civil Procedure 72(b)(2) provides for a 14-day objection period.  The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)